**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

CHASE DILONARDO a/k/a ALEXANDRA DILONARDO

                               Plaintiff,

        -    against    -

SINGULARITYROCK, LLC., d/b/a Event Intelligence AI,
OUT EAST BEVERAGE CO., d/b/a Out East and
ROBERT DRYZGULA,

                               Defendants.

---

Case No:

**COMPLAINT**
Jury Trial Demanded

---

Plaintiff, Chase DiLonardo a/k/a Alexandra DiLonardo, by her attorneys, Katz Melinger PLLC, files this complaint against defendants, Singularityrock LLC, d/b/a Event Intelligence.AI ("EIAI"), Out East Beverage Co., d/b/a Out East Beverage ("OEB", and together with EIAI, the "Corporate Defendants") and Robert Dryzgula (together with Corporate Defendants, the "Defendants"), and respectfully alleges as follows:

### I. Nature of Action, Jurisdiction, and Venue

1. This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and the New York Labor Law §§ 190 *et seq.* ("NYLL") and § 650 *et seq.*  Plaintiff brings claims to recover from Defendants: (i) unpaid minimum wages, (ii) liquidated damages, (iii) statutory penalties, and (iv) attorneys' fees and costs

2. Plaintiff further brings claims for breach of contract seeking (i) to recover damages resulting from Defendants' failure to provide the agreed upon equity compensation, (ii) equitable relief, (iii) specific performance, (iv) declaratory relief, and (v) prejudgment interest.

3.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

4.     This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the state law claims are so closely related to Plaintiff's federal claims as to form the same case or controversy under Article III of the United States Constitution.

5.     Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, Plaintiff performed work services for Defendants in New York, and Defendants conduct business within this judicial district.

## II. Parties

6.     Plaintiff is an individual residing in New York, New York.

7.     At all relevant times, Plaintiff was employed by Defendants.

8.     EIAI is a domestic limited liability company organized under the laws of the State of New York, with its principal place of business and address for service of process located at 29 West 70th Street, Apt 3B, New York, NY 10023.

9.     EIAI offers to the public Event A.I., an event-management software application and related database services. EIAI offers its services through downloads and subscriptions to customers in multiple states and provides access to its platform over the internet to users throughout the United States, including by transmitting data and communications across state lines.

10.     OEB is a foreign corporation incorporated under the laws of the State of Delaware, with its principal place of business located at 450 West 17th Street, New York, NY 10011.

11.     OEB is a private-label wine company that purchases bulk wine from multiple U.S. and international sources, blends the wine, bottles it under the OEB label, and sells it to individual consumers and hospitality businesses throughout the mainland United States.

12.     Robert Dryzgula, upon information and belief, resides in the state of Connecticut.

13.     At all relevant times, Dryzgula was, and still is the founder and owner of the Corporate Defendants, who exercises significant control over Corporate Defendants' operations and has the authority to hire, fire, and discipline employees; set employees' work schedules and conditions of employment; determine the rate and method of payment for employees; and maintain employment records.

14.     Further, Dryzgula had and still possesses the authority to negotiate, execute, and enter into contracts on behalf of Corporate Defendants.

15.     Throughout her employment, Plaintiff reported to Dryzgula, who was her direct supervisor at Corporate Defendants' worksite.

16.     At all relevant times, Plaintiff was a covered employee within the meaning of the FLSA and NYLL.

17.     Defendants are covered employers within the meaning of the FLSA and NYLL and, at all relevant times, employed Plaintiff.

18.     Upon information and belief, at all relevant times Defendants' gross revenues were in excess of $500,000.00 per year.

19.     Defendants operate in interstate commerce.

20.     Defendants are subject to suit under the statutes alleged above.

3

### III. Factual Allegations

21.    Plaintiff was employed by Defendants as a Vice President ("VP") of Sales from December 4, 2024 until on or about November 28, 2025.

22.    More precisely, Plaintiff worked as EIAI's VP of Sales from on or around December 4, 2024 until on or about November 28, 2025, and as OEB's VP of Sales from January 15, 2025 until on or about November 28, 2025.

23.    In both positions, Ms. DiLonardo's primary job duties as VP of Sales were, *inter alia*, building strategic partnerships, identifying leads and sales, representing the brand at events, facilitating and maintaining networking, and performing other related tasks as required.

24.    Plaintiff signed an agreement with EIAI effective December 4, 2024 (the "EIAI Agreement") (**Exhibit A**).

25.    Clause 4 of the EIAI Agreement states that Plaintiff would receive a 5% equity interest, vesting pro-rata over a 24-month period consistent with Dryzgula's vesting schedule beginning on November 1, 2024. Additionally, it set a goal to transfer 10% equity.

26.    Clause 5 of the EIAI Agreement anticipates that Ms. DiLonardo would begin receiving compensation in January 2024. It further provides that she would receive compensation of at least $10,000.00 for the first quarter of 2025. Such compensation would be adjusted periodically to reflect Corporate Defendants' revenue growth.

27.    Further, in the same clause, Defendants indicated: "[…] as the Company completes its first capital raise ($1-2 million), Ms. DiLonardo will be prioritized among the initial group of employees eligible for salary compensation."

28.    Additionally, the EIAI Agreement set no conditions on Plaintiff regarding number or percentage of sales, performance, or any other target in order to receive employment compensation and her equity interest.

29.    Plaintiff signed an agreement with OEB effective as of January 15, 2025 (the "OEB Agreement") (**Exhibit B**).

30.    Clause 2 of the OEB Agreement states that Plaintiff would receive a 5% equity interest, starting retroactively on January 1, 2025, vesting pro-rata over a 24-month period.

31.    Additionally, the OEB Agreement set no conditions on Plaintiff regarding number or percentage of sales, performance, or any other target in order to receive her equity interest.

32.    Despite having signed two separate agreements, both for VP of Sales positions, Plaintiff was performing work for the same employer, performing similar duties, reporting to Dryzgula, and working under the same equity terms. At all relevant times, Plaintiff worked under Dryzgula's directions and fulfilled her position duties for both companies in their New York locations.

33.    Plaintiff fulfilled all her employment obligations as a VP of Sales. However, Defendants did not compensate Plaintiff for the work she performed. The EIAI and OEB Agreements make clear that Plaintiff was an employee. As such, she was entitled to receive compensation, although the Agreements provided that the compensation would remain pending until Defendants' capital reached $1 million.

34.    The payment of wages is an earned right and is not subject to profit goals. Pursuant to the FLSA and NYLL, employers cannot retain compensation based on their revenue goals, and are required to pay Plaintiff her compensation without conditions.

35.    Furthermore, Plaintiff was never provided with the wage notice required by the NYLL, either at the time of hiring or at any time thereafter, as required by the NYLL.

36.    Likewise, Plaintiff was not provided with accurate wage statements that reflected her hours worked, rates of pay, and wages earned.

37.    Moreover, Defendants did not issue Plaintiff the agreed 5% equity interest in each company. Under Defendants' Agreements, such transfer was not conditional and not dependent on Plaintiff's performance.

38.    Additionally, Defendants did not disburse to Plaintiff the agreed quarterly compensation as per the terms of their Agreements.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (*Failure to Pay Minimum Wages Under the FLSA*)

39.    Plaintiff repeats and realleges all prior allegations set forth above.

40.    Despite working for Defendants from December 4, 2024 until on or about November 28, 2025, Plaintiff never received compensation for her working time.

41.    Defendants were required to pay Plaintiff at least the applicable minimum wage for all hours worked, pursuant to FLSA § 206.

42.    Defendants' promise of future equity compensation did not relieve them of their obligation to pay Plaintiff at least the minimum wage.

43.    Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff for the work she performed.

44.    As a result of Defendants' violations of the law and failure to pay Plaintiff the required wages, Plaintiff has been damaged and is entitled to recover from Defendants all compensation due, along with all reasonable attorneys' fees, interest, and costs.

45.    As Defendants did not have a good faith basis to believe that their failure to pay was in compliance with the law, Plaintiff is entitled to liquidated damages.

46.    Judgment should be entered in favor of Plaintiff and against Defendants on the First Cause of Action in the amount of her minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS**
(*Failure to Pay Minimum Wages Under the NYLL*)

47.    Plaintiff repeats and realleges all prior allegations set forth above.

48.    Pursuant to the applicable provisions of the NYLL § 652, Plaintiff was entitled to compensation for all the time she worked for Defendants.

49.    Throughout the relevant time period, Defendants knowingly failed to compensate Plaintiff for the work she performed.

50.    Defendants were required to pay Plaintiff at least the applicable minimum wage for all hours worked under the NYLL § 652.

51.    As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

52.    As Defendants did not have a good faith basis to believe that their failure to pay wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

53.    Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of her minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST EIAI**
(*Unpaid Wages Under the NYLL*)

54.    Plaintiff repeats and realleges all prior allegations set forth above.

55.     Pursuant to the applicable provisions of the NYLL, Plaintiff was entitled to compensation agreed to by EIAI.

56.     Throughout the relevant time period, EIAI knowingly failed to compensate Plaintiff for the work she performed.

57.     Under the EIAI Agreement, EIAI agreed to pay Plaintiff $10,000.00 in wages for the fiscal quarter that ended March 31, 2025.

58.     EIAI failed to pay Plaintiff any wages during her employment, including the $10,000.00 due and owing to her.

59.     As a result of EIAI's violations of the law and failure to pay Plaintiff the required compensation, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

60.     As Defendants did not have a good faith basis to believe that their failure to pay wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

61.     Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of $10,000.00 for her unpaid wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
*(Failure to Provide Payroll Notices Under the NYLL)*

62.     Plaintiff repeats and realleges all prior allegations.

63.     Defendants failed to furnish to Plaintiff, at the time of hire or at any time thereafter, notices containing her rate or rates of pay and basis thereof; allowances, if any; her regular pay day designated by the employer; and other information required by NYLL § 195(1).

64.     As Defendants failed to provide Plaintiff with payroll notices as required by NYLL § 195(1), Plaintiff is entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

65.     Judgment should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(*Failure to Provide Wage Statements Under the NYLL*)

66.     Plaintiff repeats and realleges all prior allegations.

67.     Throughout the relevant time period, Defendants failed to furnish to Plaintiff, with each wage payment, a statement listing: her regular and overtime rates of pay and basis thereof; the number of regular and overtime hours she worked; gross wages; deductions; and net wages; in violation of NYLL § 195(3).

68.     As Defendants failed to provide Plaintiff with proper wage statements as required by NYLL § 195(3), Plaintiff is entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

69.     Judgment should be entered in favor of Plaintiff and against Defendants on the Fifth Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST EIAI
(*Breach Of Contract*)

70.     Plaintiff repeats and realleges all prior allegations.

9

71.    EIAI entered into the EIAI Agreement with Plaintiff.

72.    EIAI expressly agreed to pay Plaintiff at least $10,000.00 for the first quarter of 2025.

73.    Plaintiff fulfilled her obligations under the EIAI Agreement and provided services for EIAI's benefit in reliance on its promise to receive equity interests.

74.    EIAI accepted and benefited from Plaintiff's performance.

75.    EIAI's conduct constitutes a material breach of the agreement.

76.    As a direct and proximate result of EIAI's breach, Plaintiff has sustained damages, including the value of the vested equity interests and related losses.

77.    Judgment should be entered in favor of Plaintiff and against Defendants on the Sixth Cause of Action in the amount that includes the value of the vested equity interest and the quarterly disbursements, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST EIAI
(*Declaratory Judgment*)

78.    Plaintiff repeats and realleges all prior allegations.

79.    An actual and justiciable controversy exists between the parties regarding Plaintiff's rights under the EIAI Agreement regarding Plaintiff's equity compensation.

80.    The EIAI Agreement provided that Plaintiff would receive a 5% equity interest, vesting pro rata over a 24-month period beginning on November 1, 2024, without any cliff or additional conditions.

81.    EIAI has failed and refused to recognize Plaintiff's rights in such vested equity interest.

82.     The parties' respective rights and obligations concerning Plaintiff's vested equity interest cannot be resolved absent a declaration by this Court.

83.     Plaintiff is entitled to a declaration determining the extent of her vested ownership interest and her rights arising therefrom.

84.     Based on the clear and unambiguous terms of the EIAI Agreement, Plaintiff is entitled to 2.71% equity in EIAI.

85.     Plaintiff respectfully requests as to the Seventh Cause of Action that the Court enter a declaratory judgment determining Plaintiff's rights in the vested equity interest promised under the EIAI Agreement and granting such other and further relief as the Court deems just and proper.

## AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST OEB
### (*Declaratory Judgment*)

86.     Plaintiff repeats and realleges all prior allegations.

87.     An actual and justiciable controversy exists between the parties regarding Plaintiff's rights under the OEB Agreement regarding Plaintiff's equity compensation.

88.     The OEB Agreement provided that Plaintiff would receive a 5% equity interest, vesting pro rata over a 24-month period beginning on January 1, 2025, without any cliff or additional conditions.

89.     OEB has failed and refused to recognize Plaintiff's rights in such vested equity interest.

90.     The parties' respective rights and obligations concerning Plaintiff's vested equity interest cannot be resolved absent a declaration by this Court.

91.     Plaintiff is entitled to a declaration determining the extent of her vested ownership interest and her rights arising therefrom.

11

92.      Based on the clear and unambiguous terms of the OEB Agreement, Plaintiff is entitled to 2.29% equity in OEB.

93.      Plaintiff respectfully requests as to the Eighth Cause of Action that the Court enter a declaratory judgment determining Plaintiff's rights in the vested equity interest promised under the OEB Agreement and granting such other and further relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff, prays for relief as follows:

a) on the First Cause of Action an award for all minimum wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action an award for all minimum wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action an award for all wages due to Plaintiff in the amount of $10,000.00, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fourth Cause of Action liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

e) on the Fifth Cause of Action liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

f) on the Sixth Cause of Action, an award for damages for breach of contract against EIAI;

12

g) on the Seventh Cause of Action, a declaratory judgment determining Plaintiff's rights

to the vested equity of EIAI as agreed under the parties' agreement;

h) on the Eighth Cause of Action, a declaratory judgment determining Plaintiff's rights

to the vested equity of OEB as agreed under the parties' agreement;

i) Interest;

j) Costs and disbursements; and

k) Such other and further relief as the Court deems just and proper.


Dated: New York, New York
       July 24, 2026

Respectfully submitted,

KATZ MELINGER PLLC

By: */s/ Kenneth Katz*
Kenneth Katz, Esq.
370 Lexington Avenue, Suite 1512
New York, New York 10017
Telephone: (212) 460-0047
Facsimile: (212) 428-6811
kjkatz@katzmelinger.com
*Attorneys for Plaintiff*